IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ALLEN LEE POLK,
TDCJ-CID No. 02095411,

    Plaintiff,

v.

WARDEN JODY HEFFNER,

    Defendant

2:20-CV-039-Z-BR

# MEMORANDUM OPINION AND ORDER
# DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 14. The Court ordered the Plaintiff to respond to a Briefing Order Questionnaire to further clarify his claims for relief. ECF No. 16. Plaintiff filed his response to the questionnaire on December 20, 2021. ECF No. 17. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Complaint alleges that while housed on in the TDCJ Jordan Unit in Pampa, Texas, on June 13, 2019, Plaintiff was touched in an inappropriate sexual manner by TDCJ guard Officer Hubbs. ECF No. 3 at 1–2. Plaintiff has not brought suit against Officer Hubbs. Plaintiff immediately reported the conduct of Officer Hubbs to the sergeant on duty. The sergeant escorted Plaintiff to review video footage of the incident in the sergeant's office. *Id.* Plaintiff was then

escorted to Captain Flanegan's office where videotape footage of the incident was viewed a second time. *Id.* at 5. Following a review of the video footage, Captain Flanegan made a phone call to the administrative office in Huntsville, Texas, to report the incident. *Id.* Plaintiff was temporarily released from TDCJ custody and is unaware of any follow up investigation, if any, that occurred after the incident was reported. *Id.* at 5. Plaintiff claims that Officer Hubbs began to harass Plaintiff following the investigation and report. *Id.* Plaintiff does not allege that Defendant Heffner participated in the harassment of Plaintiff following the incident, nor does Plaintiff allege any specific actions taken by Defendant Heffner following the incident.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

ANALYSIS

Plaintiff named a single Defendant, the Warden of the Jordan TDCJ Unit, on his original Complaint. The Complaint alleges no direct action taken by Defendant Heffner. *See* ECF No. 3. This Court gave Plaintiff an opportunity to clarify or add facts to his Complaint, and to specifically address any actions taken by Defendant Heffner in a Briefing Order Questionnaire. ECF No. 16. Plaintiff returned the questionnaire without adding any facts concerning Defendant Heffner's involvement in the investigation of this incident. ECF No. 17. Plaintiff does not sue the TDCJ officer who allegedly assaulted him, nor does he sue any of the supervisors who were present or later informed of the incident. *See* ECF No. 3.

Plaintiff's claim against Defendant Heffner solely as a supervisor must be dismissed. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1988)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff has failed to allege direct involvement by Defendant. Plaintiff has failed to state a claim against Defendant, and his Complaint is **DISMISSED**.

3

**CONCLUSION**

The Complaint is **DISMISSED**.

**SO ORDERED.**

March 20, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4